IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MICHELLE SANDOVAL, SAMUEL HERRERA, ARTHUR MARTINEZ, MIGUEL MEDINA, JESSICA MARQUEZ, PATSY SALCIDO, DONNIE GARDUNO, JUAN RODRIGUEZ, APRIL MARTINEZ, CANDALARIA CHACON, JESUS FRANCO, JEREMY LOPEZ, DANIEL RODRIGUEZ, REBECCA POVIJUA, RAYMOND TRUJILLO, MARIA LOUISA AGUILAR, LEODIS HARRIS, MATT RATTIBOY, and MARIA TRUJILLO,

    Plaintiffs,

v.

JOHN BOSLEY, BOSLEY MANAGEMENT, INC., SANTA CLARA APARTMENTS, BOSLEY MANAGEMENT OF ARIZONA, INC., WHG PARTNERSHIP, JUDY BUSTAMANTE, CITY OF ESPANOLA, and UNITED STATES DEPARTMENT OF AGRICULTURE,

    Defendants.

No. 1:24-cv-00485-MIS-KK

## ORDER GRANTING IN PART AND DENYING IN PARY PLAINTIFFS' MOTION TO REMAND CASE TO STATE COURT AND FOR AN AWARD OF ATTORNEY'S FEES

**THIS MATTER** is before the Court on Plaintiffs' Motion to Remand Case to State Court and for an Award of Attorney's Fees, ECF No. 19, filed June 10, 2024. Defendants John Bosley, Bosley Management, Inc., Santa Clara Apartments, WHG Partnership, and Judy Bustamante filed a Response on June 24, 2024. ECF No. 30. Plaintiffs filed a Reply on July 1, 2024. ECF No. 32.

Upon review of the Parties' submissions, the record, and the relevant law, the Court will **GRANT in part and DENY in part** the Motion.

    I.    Background

On February 27, 2024, Plaintiffs filed a Complaint for alleged violations of rights granted

under the New Mexico Constitution in the First Judicial District Court in Rio Arriba County, New Mexico. *See* ECF No. 1-2 at 5.

On March 1, 2024, Plaintiffs served Bosley Management with the summons. ECF No. 1-2 at 3. On March 6, Plaintiffs served the City of Espanola with the summons. ECF No. 32-2 at 13-15. On March 8, 2024, Plaintiffs served both WHG Partnership and John Bosley with the summons. ECF No. 1-2 at 3; *see also* ECF No. 32-2 at 1, 5.

Subsequently, Plaintiffs filed an Amended Complaint on March 18, 2024, to add three plaintiffs and additional facts. *See* ECF No. 1-2 at 57.

Defendant Judy Bustamante waived service of a summons and accepted service of the Amended Complaint on April 24, 2024. *See* ECF No. 1 ¶ 5; *see also* Waiver and Acceptance of Service, ECF No 32-1. On May 17, 2024, Defendant Bustamante removed the case to this Court based on federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1441, 1443, and 1446. ECF No. 1 ¶¶ 9-11.

On June 10, 2024, Plaintiffs filed the instant Motion to Remand in which they also request attorneys' fees and costs. ECF No. 19 at 1, 11-13.

On June 11, 2024, Defendants Santa Clara Apartments, WHG Partnership, Bosley Management, Inc., John Bosley, and the City of Espanola filed Notices of Consent to Removal. ECF Nos. 21-25.

Nothing in the record shows that Defendants Santa Clara Apartments or Bosley Management of Arizona, Inc. received a summons. *See generally* ECF No. 1. At the time of the removal, no other Defendants joined or indicated consent to removal. *See generally id.*

## II.     Legal Standard

"Federal courts are courts of limited jurisdiction. They possess only that power authorized

by Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction[.]" *Id.* (citations omitted); *see also Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1079 (10th Cir. 1999). "Removal statutes are to be strictly construed, and all doubts are to be resolved against removal." *Fajen v. Found. Rsrv. Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982) (citations omitted).

### III.     Discussion

Plaintiffs argue that, as a jointly held right, all Defendants must have joined Defendant Bustamante's removal. *See* ECF No. 19 at 7-8 (citing *BNSF Ry. Co. v. Roy D. Mercer, LLC*, No: CV 09-0733 MV/WDS, 2010 WL 11595111, at *2 (D.N.M. Mar. 31, 2010)). They argue that all "Bosley Defendants other than Judy Bustamante were served with a copy of the original Complaint on various dates in March 2024 and with the Amended Complaint after it was filed on March 18, 2024, [meaning that] their time to file a notice of removal ran before April 30, 2024." *Id.* at 8 (citing 28 U.S.C. § 1446(b)(1)).

Defendants' response in its entirety is: "All Defendants have consented to removal. [Docs 21-25]. [sic] Notice of Removal was timely and all other formal requirements have been met. Removal was proper." ECF No. 30 at 3.

Plaintiffs reply that no other Defendants consented to Defendant Bustamante's timely Notice of Removal at the time of removal and that filing consent after the notice does not cure the defect. ECF No. 32 at 2 (citing *Alston v. Wells Fargo Bank, Nat'l Ass'n*,, Civil Action No. TDC-17-1085, 2017 WL 2839629, at *2 (D. Md. June 29, 2017) ("[U]nder 28 U.S.C. § 1446(b)(2), a removing defendant must secure the consent of the other served defendants by the time of the filing of the notice of removal, or within 30 days of when the consenting defendant was first served,

whichever is later.")).

Under federal procedure for removal of civil actions, a notice of removal must be filed within 30 days after receipt of service. 28 U.S.C. § 1446(b)(1). All properly joined and served defendants must consent to removal. *Id.* § 1446(b)(2)(A). "If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." *Id.* § 1446(b)(2)(C). At least two judges in the District of New Mexico have followed the "last-served defendant rule," which allows for timely consent within thirty days from the latest-served defendant. *See Zambrano v. N.M. Corr. Dep't*, 256 F.Supp.3d 1179, 1184 (D.N.M. 2017) (Johnson, C.J.); *Quality First Roofing, Inc. v. HDI Global Speciality SE*, Case No. 2:21-cv-001100-KWR-GJF, 2021 WL 1923639, *3 (D.N.M. May 13, 2021) (Riggs, J.); *but see Szulszalski v. Fields*, No. 1:19-cv-0250 RB-CG, 2019 WL 5964602, at * 11 (D.N.M. Nov. 13, 2019) (Brack, J.). This Court strictly construes rules against removal and follows the last-served defendant rule. *See Fajen*, 683 F.2d at 333.

As an initial matter, the Court finds that Defendant Bustamante timely filed the notice of removal because she was properly joined and served on April 24, 2024, *see* ECF No. 1 ¶ 5, and filed the Notice of Removal within thirty days on May 17, 2024, *id.* ¶ 6. *See* 28 U.S.C. § 1446(b)(1). Defendants Bosley Management, City of Espanola, WHG Partnership, and John Bosley were all properly joined and served by March 8, 2024. ECF No. 1-2 at 3; ECF No. 32-2 at 13.

Here, Defendant Bustamante was the last-served defendant, meaning that co-Defendants had until May 24, 2024, to file their notice of consent. *See* ECF No. 1 ¶ 5. All Notices of Consent were filed on June 11, 2024, *see* ECF Nos. 21-25, well outside the thirty-day period. Because all

properly joined and served defendants did not unanimously and timely consent to removal, the Court finds that removal was improper.

However, the Court declines to award attorney's fees. Title 28, Section 1447(c) of the United States Code broadly provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Supreme Court has stated: "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Cap. Corp.,* 546 U.S. 132, 141 (2005). Here, the Court declines to exercise its discretion to award attorneys' fees.

### IV.   Conclusion

Therefore, it is **HEREBY ORDERED** that:

1. Plaintiff's Motion to Remand Case to State Court and For an Award of Attorney's Fees, ECF No. 19, is **GRANTED** in part and **DENIED** in part as follows:

    a. Plaintiff's Motion to Remand to State Court is **GRANTED**; and

    b. Plaintiff's request for attorneys' fees and costs is **DENIED**;

2. The Clerk is instructed to effectuate remand to the First Judicial District Court of Rio Arriba County, New Mexico and **CLOSE** the case.

*[signature: Margaret Strickland]*

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE